```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
                                          :
 UNITED STATES OF AMERICA,                :
                                          :
              -v-                         :    98cr778 (DLC)
                                          :
 CHARLES MICHAEL KEE,                     :
                                          :    MEMORANDUM OPINION
                        Defendant.        :       AND ORDER
                                          :
------------------------------------------X
```

Appearances:

For the defendant:
Charles Michael Kee
Reg. No. 43930-054
F.C.I. Edgefield, P.O. Box 725
Edgefield, SC 29824

DENISE COTE, District Judge:

Charles Michael Kee brings this pro se motion for a reduction of his sentence of imprisonment pursuant to Section 404 of the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). Kee's application for a reduction of his sentence is denied. Kee's Sentencing Guidelines calculation was not driven by a conviction for drug offenses and is therefore unaffected by the First Step Act.

## Background

Kee entered a guilty plea on June 30, 2000 to one count of a conspiracy in engage in racketeering, two counts of committing violent crimes in aid of racketeering, and one count of use of a firearm during the commission of a crime of violence. On

December 8, 2000, Kee was sentenced principally to a term of 480 months' imprisonment.  See United States v. Kee, No. 98CR00778 DLC, 2015 WL 6207536, at *1 (S.D.N.Y. Oct. 13, 2015).

Three prior applications for a reduction of his sentence have been denied.  In March 2009, Kee requested that his sentence be reduced pursuant to 18 U.S.C. § 3582(c)(2).  An Order of May 15, 2009 denied Kee's motion because the relevant revision to the United States Sentencing Guidelines ("USSG") had no impact on Kee's sentencing guidelines range.

Kee again sought a reduction of sentence in March 2015 based on a 2014 revision to the USSG.  That revision lowered the USSG guidelines range for certain drug offenses.  In an Order issued April 15, 2015, the Court denied Kee's application because his original offense level was a not based on a crack cocaine conviction and was therefore unaffected by the 2014 revision to the USSG.

In September 2015, Kee renewed his application pursuant to the same 2014 revision to the USSG.  That motion was denied in October 2015.  Again, the Court explained that Kee's original offense level calculation was a product of the conspiracy to commit murder count as well as enhancements for Kee's role as an organizer of the murder and his use of a minor to perpetrate the offense.  Kee, 2015 WL 6207536, at *2.

On December 12, 2019, Kee filed the instant motion to reduce his sentence, this time pursuant to Section 404 of the First Step Act.[1]  In letters dated March 8, 2020 and May 20, 2020, Kee requested that the Court dismiss his pending motion for a reduced sentence without prejudice so that he could submit a more complete motion for a modified sentence on the same grounds.[2]  That renewed motion, dated March 23, 2020, again seeks a reduced sentence pursuant to the First Step Act.[3]  This Opinion addresses Kee's submissions dated December 12 and March 23.

## Discussion

Section 404(b) of the First Step Act provides that "[a] court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed."  First Step Act § 404(b), 132 Stat. at 5222.  Section 404(a) defines the term "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010."  Id. §

---

[1] Kee's December 2019 petition is brought pursuant to the "First Chance Act."  The substance of Kee's motion, however, suggests that he intended to seek a reduced sentence pursuant to the First Step Act.

[2] The letter dated March 8 was filed on May 13, 2020.

[3] The March 23 motion was filed on April 22, 2020.

404(a), 132 Stat. at 5222 (citation omitted).  Section 2 of the Fair Sentencing Act altered the drug-quantity thresholds for the imposition of penalties in 21 U.S.C. §§ 841(b)(1)(A)(iii) and 841(b)(1)(B)(iii).  Fair Sentencing Act of 2010 § 2, Pub. L. 111-220, 124 Stat. 2372, 2372; see also United States v. Holloway, 956 F.3d 660, 664 (2d Cir. 2020).  Section 3, meanwhile, eliminated mandatory minimum sentences for simple possession of narcotics.  Fair Sentencing Act § 3.  The operative inquiry for a petition for sentence reduction under the First Step Act is "whether the court had previously imposed a sentence for a covered offense" -- i.e., for an offense defined in 21 U.S.C. § 841.  Holloway, 956 F.3d at 665 n.5.

Kee is ineligible for a reduction of sentence under the First Step Act.  Kee pled guilty to and was sentenced for engaging in a racketeering conspiracy and the commission of violent crimes in furtherance of that conspiracy.  Kee's USSG offense level was not calculated based on a quantity of drugs. Kee, 2015 WL 6207536, at *2.

Kee also appears to request a modification of his good time credits pursuant to the First Step Act.  Section 102(b) of the First Step Act amended 18 U.S.C. § 3624(b) to allow the Bureau of Prisons ("BOP") to award up to 54 days of good time credit for each year of the sentence imposed.  First Step Act § 102(b). As Kee acknowledges in his motion, however, the computation of

that credit is left to the sole discretion of the BOP.  See Sash v. Zenk, 428 F.3d 132, 135 (2d Cir. 2005), as amended on denial of reh'g, 439 F.3d 61 (2d Cir. 2006).

## Conclusion

Kee's December 12, 2019 motion for a reduced sentence is denied.  The March 23 motion for a reduced sentence is also denied.  Kee has not made a substantial showing of a denial of a federal right and, therefore, a certificate of appealability shall not be granted.  Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990).  Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion and Order would not be taken in good faith.  Coppedge v. United States, 369 U.S. 438, 445 (1962).

The Clerk of Court is directed to mail a copy of this Opinion and Order to Kee at FCI Edgefield, Federal Correctional Institution, P.O. Box 725, Edgefield, SC 29824.

Dated:    New York, New York
          June 17, 2020

_____
DENISE COTE
United States District Judge