```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
UNITED STATES OF AMERICA,                :
                                         :
              -v-                        :     98cr778 (DLC)
                                         :
CHARLES MICHAEL KEE,                     :
                                         :     MEMORANDUM OPINION
                   Defendant.            :         AND ORDER
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

On June 30, 2000, Charles Michael Kee entered plea of guilty to one count of a conspiracy in engage in racketeering, two counts of committing violent crimes in aid of racketeering, and one count of use of a firearm during the commission of a crime of violence. On December 8, 2000, Kee was sentenced principally to a term of 480 months' imprisonment.

Kee is fifty-three years old. He is currently imprisoned at Federal Correctional Institution Edgefield. The Bureau of Prisons ("BOP") projects that he will be released in February 2033. On September 1, 2020, Kee filed a motion for reduction or modification of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A).[1]

Section 3582(c)(1)(A) contains a statutory exhaustion requirement. That condition is met when a petitioner exhausts

---

[1] Kee's petition is not dated. It was filed on this Court's docket on September 1, 2020.

available administrative remedies or thirty days have passed since the petitioner asked the warden of his facility to make a motion for reduction of sentence on his behalf, whichever is earlier.  18 U.S.C. § 3582(c)(1)(A).

Once a petitioner fulfills the exhaustion requirement, the Court may reduce the petitioner's sentence, if after consideration of the § 3553(a) factors, it finds "extraordinary and compelling reasons" warrant such a reduction.  18 U.S.C. § 3582 (c)(1)(A)(i).  Pursuant to the relevant United States Sentencing Guidelines Application Note ("USSG Application Note"), Kee can demonstrate that extraordinary and compelling reasons justify relief if he has a "terminal illness" or a condition that "substantially diminishes" his ability "to provide self-care within the environment of a correctional facility."  U.S.S.G. § 1B1.13, Application Note 1(A).  Lastly, the USSG Application Note sets forth a catchall provision for other circumstances that might justify relief.  That provision applies when, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."  U.S.S.G. § 1B1.13, Application Note 1(D)

Kee's motion is denied.  As an initial matter, he has not demonstrated exhaustion.  Kee's petition states that he made a

request of his warden, but does not supply proof of that request or indicate when he made it. Without more information, it is not possible to determine whether Kee presented the warden with the arguments for release he is presenting here.

Nor has Kee demonstrated that his health condition justifies a modification of his sentence. He does not suggest that he has a terminal illness or is substantially diminished in his ability to provide self-care. Nor does he show that he is at a heightened risk for a serious case of COVID-19. Kee's petition references to two chronic illnesses. But neither condition is among the recognized comorbidities associated with COVID-19.

Lastly, the § 3553(a) factors do not counsel in favor of Kee's release. This Court has previously described the serious and violent nature of Kee's criminal conduct. See, e.g., United States v. Kee, 2015 WL 6207536, at *1 (S.D.N.Y. Oct. 13, 2015); Kee v. United States, 2004 WL 1542233, at *1 (S.D.N.Y. July 8, 2004). The severity that conduct necessitates a significant term of imprisonment. Likewise, interests of public safety and adequate deterrence weigh heavily against early release.

**Conclusion**

The plaintiff's September 1, 2020 motion is denied.

Dated:    New York, New York
          September 9, 2020

                                    _____
                                    DENISE COTE
                                    United States District Judge

Copy mailed to:
Charles Michael Kee (Register # 43930-054)
FCI Edgefield
Federal Correctional Institution
P.O. Box 725
Edgefield, SC 29824