```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :
UNITED STATES OF AMERICA,              :
                                       :
          -v-                          :        98cr778 (DLC)
                                       :
CHARLES MICHAEL KEE,                   :        ORDER
                                       :
               Defendant.              :
                                       :
-------------------------------------- X
```

DENISE COTE, District Judge:

On December 7, 2000, this Court sentenced Charles Michael Kee. At his sentencing proceeding, Kee sought to have certain material concerning an alleged sexual assault removed from his Presentence Report ("PSR") pursuant to Rule 32, Fed R. Crim. P. The request was denied, but the disputed material was not considered in imposing Kee's sentence.

Kee appealed this Court's decision regarding the disputed material. He argued that the failure to remove the material from the PSR, or to hold a hearing on the inclusion of the material pursuant to U.S. v. Fatico, 579 F.2d 707 (2d Cir. 1978), violated Rule 32 and the Due Process Clause. The Second Circuit largely affirmed this Court's decision but remanded for the limited purpose of attaching the sentencing transcript to the PSR. U.S. v. Kee, 29 F.Appx 625 (2d Cir. 2002).

In 2003, Kee, proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2255, arguing again that this Court's refusal to strike from the PSR the allegation concerning the sexual assault violated the Due Process Clause. He also asserted that his counsel at sentence and on appeal were ineffective for failing to get the disputed passage removed from the PSR.  The petition was denied.  Kee v. U.S., No. 03 Civ. 9067(DLC), 98 Cr. 778 (DLC), 2004 WL 1542233 (S.D.N.Y. July 8, 2004).  Kee did not appeal the denial of the habeas petition.

On December 16, 2019, Kee filed a motion styled as a "Motion to Supplement Motion to Remove or Redact PSR Concerns Pursuant to Rule 15(d) F.R.C.P."  The motion seeks to remove or redact the discussion of the disputed PSR information from four Opinions of this Court and the United States Court of Appeals for the Second Circuit.  On January 20, 2021, Kee filed a motion for a status conference on the December 16, 2019 motion.  In that motion, Kee requests again that the discussion be redacted from the Opinions or in the alternative from the PSR.

The Opinions for which Kee requests redactions are the 2002 and 2004 Opinions described above, as well as Opinions dated May 8 and June 27, 2000.  The May 8, 2000 Opinion granted the Government's request to avoid disclosing to Kee the identities of certain individuals who participated in an assault, kidnapping, and rape described in Kee's indictment.  U.S. v.

Kee, No. 98 Cr. 778 (DLC), 2000 WL 565190 (S.D.N.Y. May 8, 2000). The June 27, 2000 Opinion denied Kee's motion to dismiss the Government's Notice of Intent to Seek the Death Penalty against him. U.S. v. Kee, No. 98 Cr. 778 (DLC), 2000 WL 863119 (S.D.N.Y. June 27, 2000).

The instant motions are denied. Rule 15(d) of the Federal Rules of Civil Procedure provides a procedure for the service of supplemental pleadings and does not concern the removal of passages from an opinion. To the extent that Kee requests that the PSR be revised, that issue has been litigated and will not be revisited. Kee's request that the four Opinions be refiled with certain redactions must be denied as well.

There is a strong public interest in public access to judicial decisions. When a district court is presented with "a request to seal a file . . . or take other protective measures," it must "determin[e] whether good cause exists to overcome the presumption of open access to documents filed in our courts." Geller v. Branic Intern. Realty Corp., 212 F.3d 734, 738 (2d Cir. 2000). "Courts should be especially reluctant to remove or conceal proceedings that appear in their opinions." Doe v. Greiner, 662 F. Supp. 2d 355, 362 (S.D.N.Y. 2009).

Here, Kee explains that the PSR's description of the sexual assault allegations has impacted his designation by the Bureau of Prisons and the Government's response to his motion for

compassionate release.  Redacting information from publicly filed court decisions would have no influence on either of those circumstances.  Whatever information is contained in court opinions, the Bureau of Prisons is entitled to rely on the PSR in making designation decisions.  Similarly, the Government is entitled to rely on the allegations in opposing Kee's early release from prison, whether or not court opinions have referred to the allegations.  Because Kee's application must be denied on the merits, it is unnecessary to explore further whether this request is timely or whether a redaction of opinions issued years ago is warranted or feasible.  Therefore, it is hereby

ORDERED that the December 16, 2019 and January 20, 2021 motions are denied.

IT IS FURTHER ORDERED that the Clerk of Court shall mail Kee a copy of this Order and note mailing on the docket.

SO ORDERED:

Dated:   New York, New York
         January 29, 2021

_____
                DENISE COTE
        United States District Judge

4

COPIES SENT TO:

Charles Michael Kee
#43930-054
FCI Edgefield
Federal Correctional Institution
P.O. Box 725
Edgefield, SC 29824

5